**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| RECOVERY RESOURCE COUNSEL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. _____ |
| ACE AMERICAN INSURANCE | § | |
| COMPANY AND RIDGE B. KIRN, | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANT ACE AMERICAN INSURANCE COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant ACE American Insurance Company ("ACE") file this Notice of Removal and respectfully shows:

**I.
BACKGROUND**

**A.    THE PARTIES**

1.    Plaintiff Recovery Resource Council (incorrectly named Recovery Resource Counsel) ("RRC") is a Texas nonprofit corporation and has its principal place of business in Tarrant County, Texas.

2.    Defendant ACE is a Pennsylvanian corporation with its principal place of business in Pennsylvania.

3.    Defendant Ridge B. Kirn ("Kirn") is a citizen of Texas and resides in The Colony, Denton County, Texas. Kirn has been improperly joined to this action and, therefore, his citizenship should be disregarded for purposes of establishing subject matter jurisdiction.

B.   THE ACTION

4.     This is an insurance dispute concerning alleged wind-and-hail damage to RRC's commercial property located in Tarrant County. Specifically, the commercial property is located at 2700 Airport Freeway, Fort Worth, Tarrant County, Texas 76111 (the "Property").

5.     On August 31, 2017, RRC filed this action in Dallas County, Texas, despite the fact that the Property is located in Tarrant County, Texas.

6.     The basis for RRC's lawsuit is "the wrongful denial of insurance benefits." [Pl.'s Pet. ¶ 7.]

7.     With respect to ACE, RRC claims that it improperly denied its claim for wind-and-hail damage and, therefore, asserts contractual and extra-contractual causes of action against ACE. [*See* Pl.'s Pet. ¶¶ 7-9.]

8.     With respect to Kirn, RRC asserts causes of action for violations of the DTPA and Texas Insurance Code. [*See* Pl.'s Pet. ¶¶ 20-26.] RRC's causes of action are not supported by any facts. Indeed, the petition's "Background Facts" is limited to three paragraphs, and the claims against Kirn are conclusory, based on *information and belief*, and solely meant to evade federal jurisdiction. [*See* Pl.'s Pet. ¶¶ 7-9.] More specifically, RRC claims against Kirn are based on the speculative belief that he hired a professional engineer who was biased. [*See* Pl.'s Pet. ¶ 8.] The petition, however, is devoid of any facts that show why or how this conclusory allegation is accurate. Indeed, on the same day this lawsuit was filed, RRC's counsel filed two other lawsuits in Dallas County making the same allegation against other insurance adjusters.[1]

---

[1] *See William Caruth, et al v. Chubb Lloyd's Insurance Company of Texas, et al*; Cause No. DC-17-11340, in the 298th District Court of Dallas County ("Upon information and belief, Morgan hired Roof Technical Services, Inc. because it was known that it would issue a report on which the claim could be denied."); *Peaceful Hope Baptist Church v. Penn-American Insurance Company, et al.*; Cause No. DC-17-11328, in the 101st District Court of Dallas County ("Upon information and belief, Donan was hired by Thode because it was known to Thode, Kehs and Penn-America that Donan would write a report which would then be used to deny Plaintiff's claim for benefits under the Policy.").

9.      RRC is unable to establish a cause of action against Kirn and, therefore, Kirn has been improperly joined. Consequently, ACE removes this action to federal court on the basis of diversity subject-matter jurisdiction under 28 U.S.C. §§ 1332, 1441 and 1446.

## II.
## REMOVAL IS PROPER

10.      This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441 because it is an action between citizens of different states wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Although he need not consent to removal as ACE contends that he was improperly joined, Kirn consents to this Notice of Removal.

### A.      COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PROPER PARTIES

11.      Complete diversity exists amongst the properly joined parties. Specifically, Plaintiff is a Texas non-profit corporation whose principal place of business is in Tarrant County, Texas, and the properly joined defendant, ACE, is a Pennsylvania corporation whose principal place of business is in Pennsylvania. Kirn is a citizen of Texas who has been improperly joined to defeat this Court's diversity jurisdiction. Accordingly, as discussed below, Kirn's citizenship should be disregarded for jurisdictional purposes and complete diversity of citizenship exists between the proper parties.

### B.      RCC IMPROPERLY JOINED KIRN

12.      The doctrine of improper joinder allows a defendant to remove a case to a federal forum if an in-state defendant was joined to defeat federal jurisdiction. *See Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). Improper joinder exists when (1) there is actual fraud in the pleading of jurisdictional facts or (2) the plaintiff is

unable to establish a cause of action against the non-diverse defendant. *See Smallwood*, 385 F.3d at 573. Under the second scenario, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* "[I]f a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*

13.     The Fifth Circuit recently held that courts are to use the federal pleading standard when conducting the Rule 12(b)(6)-type analysis. *Int'l Energy Ventures Mgmt., L.L.C.,* 818 F.3d at 200. Consequently, "Rule 8 and—in specific circumstances—Rule 9 provide the statutory component of the federal pleading standard" under which Rule 12(b)(6) operates to determine whether a party has been improperly joined. *Id.* at 203.

14.     To survive dismissal under Rule 12(b)(6), a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility requires more than a "sheer possibility" of misconduct and bare legal conclusions that are unsupported by factual underpinnings do not state a viable claim. *Id.* A claim is plausible if the pleading contains factual content that allows the court to draw the reasonable inference that the defendant is liable for the allegations. *Id.* A "formulaic recitation of the elements of a cause of action will not do." *Id.* at 677-78. Additionally, "[c]laims alleging violations of the Texas Insurance Code and the DTPA . . . are subject to the requirements of Rule 9(b)." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998). Claims falling under Rule 9(b) must state with particularity the "who, what, when, where and how of the events at issue" to be plausible. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008).

15.     Here, RRC fails to state a claim for relief against Kirn which survives a Rule 12(b)(6)-type analysis. RRC devotes one paragraph of its "Background Facts" to explaining the basis for Kirn's liability. Specifically, RRC alleges:

> Kirn hired Douglas Structure to inspect Plaintiff's property and report on whether the property sustained damage from hail. ***Upon information and belief***, Kirn hired Douglas Structure because it was known that it would issue a report on which the claim could be denied.

[*See* Pl.'s Pet. ¶ 8 (emphasis added).] Consequently, all of RRC's claims against Kirn are based upon *information and belief*—not actual facts—that he hired a biased engineer. As explained more fully below, RRC's claims fail for numerous reasons.

16.     All of the claims asserted against Kirn are for alleged violations of the Texas Insurance Code and DTPA. [*See* Pl.'s Pet. ¶¶ 57-64.] These claims are subject to the requirements of Rule 9(b). *Frith,* 9 F. Supp. 2d at 742; *see also Columbia Mut. Ins. Co. v. Trewitt-Reed Funeral Home, Inc.*, 2016 WL 524597, at *2 (N.D. Tex. Feb. 5, 2016); *Bige, Inc. v. Penn-Am. Ins. Co.*, 1-15-CV-292 RP, 2015 WL 5227726, at *4 (W.D. Tex. Sept. 8, 2015); *Weidner v. Nationwide Prop. & Cas. Ins. Co.*, 4:13-CV-263, 2014 WL 8397281, at *5 (E.D. Tex. June 6, 2014), *report and recommendation adopted,* 2014 WL 8494527 (E.D. Tex. Aug. 19, 2014).

17.     RRC's petition fails to meet Rule 9(b)'s who-what-when-where-how requirement, and it provides nothing more than unsupported conclusory claims. For instance, RRC claims that Kirn "engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 541.060 (1) of the Texas Insurance Code by misrepresenting to a claimant a material fact or policy provision relating to coverage at issue." [Pl.'s Pet. at ¶ 25(a).] However, the petition wholly failed to identify what was said and to whom, and why and how any statements were false.

18.     Moreover, RRC's claims against Kirn fail to meet the pleading standard of Rule 8(a)(2). The allegations in the petition are conclusory, lack factual enhancement and are nothing more than a regurgitation of the text of the Texas Insurance Code and DTPA. [*See* Pl.'s' Pet. ¶¶ 20-26.] Such a manner of pleading is deficient and fails to meet the federal pleading standard. *See, e.g., Fernandez v. Allstate Fire & Cas. Ins. Co.*, 2015 WL 6736675, at *3 (N.D. Tex. Nov. 4, 2015) (noting that "conclusory allegations that merely track the terms of the statutory provisions" are insufficient to withstand a 12(b)(6)-type analysis); *Studer v. State Farm Lloyds,* 2014 WL 234352, at *4 (E.D. Tex. Jan. 21, 2014) (holding that the plaintiff's claims against the insurance adjuster "fail[ed] to allege sufficient facts that would make any claim against [him] in his individual capacity plausible" and that "[t]he Court must ignore all conclusory statements."); *DeCluette v. State Farm Lloyds*, 2013 WL 607320, at *3 (N.D. Tex. Feb. 19, 2013)  (denying a motion to remand and noting that the claims against the insurance company and adjuster failed to specify the conduct of each party and that the allegations were improperly conclusory and recited elements of causes of action). Indeed, RRC's allegations against Kirn are nothing more than labels, conclusions and formulaic recitations of the elements of causes of action. Consequently, RRC's petition fails to state a claim against Kirn.

19.     As noted above, RRC's claims against Kirn are based upon *information and belief,* whereas its claims against ACE are not. The fact that RRC's allegations against Kirn are qualified demonstrates that RRC cannot provide any facts in support of Kirn's liability. Another federal court has explained this very situation:

> The shortcoming in Delphix's position is that it has chosen to cabin that particular allegation as being made "on information and belief." Despite the common appearance of that phrase in practice, it is not a recognized pleading device under the rules. Rather, Rule 11(b) of the Federal Rules of Civil Procedure provides that by submitting a pleading to the court, the signatory is *always* certifying that, "to the best of the person's knowledge, information, and belief, formed after an inquiry

> reasonable under the circumstances ... the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."
>
> Thus, the phrase "on information and belief" at best would constitute surplusage. Where, as here, some of the allegations are qualified with the phrase and others are not, a reasonable inference arises that it is intended as caveat, to provide additional protection should plaintiff be unable to prove any of the factual allegations. It thus creates a further inference that plaintiff likely lacks knowledge of underlying facts to support the assertion, and is instead engaging in speculation to an undue degree. As such, even though the phrase is technically surplusage that could simply be disregarded in an appropriate case, here it undermines Delphix's argument that the facts it has pleaded are sufficient to support a plausible inference of pre-suit knowledge.

*Delphix Corp. v. Actifo, Inc.*, 2014 WL 4628490, at *1–2 (N.D. Cal. Mar. 19, 2014) (footnote omitted). Indeed, the Fifth Circuit has explained that "even where allegations are based on information and belief, the complaint must set forth a factual basis for such belief." *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 385 (5th Cir. 2003). Here, RRC has not set forth the factual basis for its belief that Kirn hired a biased engineer—because that is simply not the case.

20.    Further multiple courts have determined that insurance adjusters, such as Kirn, cannot be liable for the Texas Insurance Code violations in the factual scenario at issue. *Slabaugh v. Allstate Ins. Co.*, 2015 WL 4046250, at *4 (E.D. Tex. June 30, 2015) (holding that an insurance adjuster could not be held liable under Texas Insurance Code §§ 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), and 541.060(a)(7)); *One Way Investments, Inc. v. Century Sur. Co.*, 2014 WL 6991277, at *3-5 (N.D. Tex. Dec. 11, 2014) (holding that insurance adjuster could not be held liable under §§ 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(4)(A)). Therefore, RRC's Texas Insurance Code claims against Kirn fail as a matter of law.

21.    Additionally, RRC's DTPA claims against Kirn fail because RRC is not a consumer as to Kirn. Specifically, only a consumer may maintain a private claim for relief under the DTPA.

TEX. BUS. & COM. CODE § 17.50(a); *see also Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996). Here, RRC does not allege that it is a consumer. Moreover, RRC cannot be a consumer with respect to Kirn since he is merely a third-party independent adjuster. *See, e.g., Janik v. City of Dallas*, 1997 WL 538758, at *5 (N.D. Tex. Aug. 26, 1997). Consequently, RRC's DTPA claims against Kirn fail as a matter of law.

22.     Therefore, RRC's claims against Kirn are intended solely to deprive this Court of jurisdiction, and Kirn's citizenship should be disregarded in determining the Court's jurisdiction. Moreover, for the same reasons, all claims against Kirn should be dismissed.

**C.     THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

23.     The petition provides that RCC seeks "monetary damages in excess of $200,000 but less than $1,000,000." [*See* Pl.'s Pet. ¶ 5.] Although ACE disputes liability and damages, it is evident from RRC's petition that RRC purports to allege claims for monetary relief that, if granted, would exceed $75,000.00. Therefore, based on RRC's claims for damages, the amount in controversy requirement is satisfied.

**D.     REMOVAL IS TIMELY AND ALL PROCEDURAL REQUIREMENTS ARE SATISFIED**

24.     The action was filed in state court on August 31, 2017. The citation and petition were served on ACE's registered agent on September 22, 2017. This Notice of Removal is therefore timely filed pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 356 (1999); *see also Powe v. Deutsche Bank Nat'l Trust Co.*, 2015 WL 10013787, at *3 (E.D. Tex. Dec. 23, 2015), *report and recommendation adopted*, 2016 WL 475181 (E.D. Tex. Feb. 8, 2016).

25.     Pursuant to 28 U.S.C. Section 1446(a) and Local Rule 81, attached hereto is:

| State Court Pleadings | | |
|---|---|---|
| **Exhibit** | **Description** | **Date Filed in State Court** |
| A | Docket Sheet from State Court | N/A |
| B | Petition | 8/31/2017 |
| C | Cover Sheet | 8/31/2017 |
| D | Citation and Proof of Service on ACE American Insurance Company | 9/29/2017 |
| E | Citation and Proof of Service on Ridge B. Kirn | 9/29/2017 |
| F | ACE's Motion to Transfer and Answer | 10/6/2017 |

26.     Pursuant to Local Rule 81, ACE is simultaneously filing a completed civil coversheet and a supplemental civil coversheet.

27.     Pursuant to 28 U.S.C. Section 1446(d), promptly after ACE files this Notice of Removal, written notice of the filing will be given to RRC.

28.     Pursuant to 28 U.S.C. Section 1446(d), promptly after ACE files this Notice of Removal, a true and correct copy will be filed with the District Clerk of Dallas County, Texas.

### III.
### CONCLUSION

WHEREFORE, ACE respectfully request that this action now pending in the 95th District Court of Dallas County, Texas be removed to the United States District Court for the Northern District of Texas, Dallas Division. ACE further request that this Court dismiss Kirn, and grant it any such other and further relief to which they may be justly entitled, at law or in equity.

Respectfully submitted:

/s/ *Alicia G. Curran*
Alicia G. Curran
*Attorney-in-Charge*
State Bar No. 12587500
acurran@cozen.com
Donnie M. Apodaca, II
*Of Counsel*
State Bar No. 24082632
dapodaca@cozen.com

**COZEN O'CONNOR**
1717 Main Street, Suite 3400
Dallas, Texas 75201-7335
Telephone:  (214) 462-3000
Telecopier:  (214) 462-3299

**ATTORNEYS FOR
ACE AMERICAN INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

This certifies that, on October 11, 2017, a true copy of the foregoing was served on the

following counsel of record pursuant to the Federal Rules of Civil Procedure:

Scott M. Keller
LAW OFFICES OF SCOTT M. KELLER
3890 W. Northwest Highway, Ste. 650
Dallas, Texas 75220
Telephone: (214) 741-2963
Facsimile: (214) 741-2959
scottmkeller@sbcglobal.net

Michael S. Carnahan
CARNAHAN THOMAS
1190 N. Carroll Avenue
Southlake, Texas 76092
Telephone: (817) 424-1001
Facsimile: (817) 424-1003
mcarnahan@carnahanthomas.com
*Attorneys for Plaintiff*

*/s/ Donnie M. Apodaca, II*
Donnie M. Apodaca, II