# Exhibit B

Case 3:17-cv-02787-N   Document 1-2   Filed 10/11/17   Page 2 of 13   PageID 17

FILED
DALLAS COUNTY
8/31/2017 5:00 PM
FELICIA PITRE
DISTRICT CLERK
Alejandro Rodela

**2-CIT-ESERVE**

CAUSE NO. **DC-17-11337**

| | | |
|---|---|---|
| RECOVERY RESOURCE COUNSEL § | | IN THE DISTRICT COURT |
| Plaintiff, § | | |
| § | | |
| v. § | | ____ JUDICIAL DISTRICT |
| § | | |
| ACE AMERICAN INSURANCE § | | |
| COMPANY and RIDGE B. KIRN § | | |
| Defendants. § | | DALLAS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

Plaintiff, RECOVERY RESOURCE COUNSEL files this its Plaintiff's Original Petition complaining of Defendants ACE AMERICAN INSURANCE COMPANY and RIDGE B. KIRN, and would respectfully show unto the Court and Jury the following:

### I. PARTIES SERVICE AND DISCOVERY CONTROL

1. Discovery is intended to be conducted under Level Three of TRCP 190.

2. Plaintiff is a Texas Nonprofit Organization duly authorized to conduct business in the State of Texas.

3. Defendant ACE AMERICAN INSURANCE COMPANY ("ACE") is an insurance company engaged in the business of insurance in the State of Texas and may be served through its registered agent for service, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

4. Defendant Ridge B. Kirn ("Kirn") is a licensed insurance adjuster that may be served with process at 17304 Preston Road, Suite 925, Dallas, Texas 75252-5650.

### II. JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter because the amount in controversy is within the jurisdictional limits of the Court. The Court has venue over Defendant Kirn because his

principal place of business is in Dallas County, Texas. Furthermore, the Court has venue over Defendants because all or a substantial part of the events giving rise to the claims took place in Dallas County, Texas. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff seek monetary damages in excess of $200,000 but less than $1,000,000.

### III. REQUEST FOR DISCLOSURE

6.      Pursuant to Texas Rule of Civil Procedure 194, Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2.

### IV. BACKGROUND FACTS

7.      This suit involves the wrongful denial of Plaintiff' claim for insurance benefits. Plaintiff is an insured and/or has an insurable interest in property located at 2700 Airport Freeway, Fort Worth, Texas 76111 ("Property"). At the time of the losses made the subject of this suit, Plaintiff's Property was insured by a policy of insurance issued by ACE. All premiums for the policy at issue had been paid and the subject loss occurred within applicable periods of coverage with ACE.

8.      In 2017, Plaintiff reported a claim to ACE for damage to its property resulting from wind and hail. Thereafter, ACE forwarded the claim to Kirn of Engle Martin & Associates, Inc. for investigation. Kirn hired Douglas Structure to inspect Plaintiff's property and report on whether the property sustained damage from hail. Upon information and belief, Kirn hired Douglas Structure because it was known that it would issue a report on which the claim could be denied.

9.      True to form, on March 30, 2017, Douglas Structure issued a report authored by engineer Kevin M. Rogers in which Mr. Rogers opined that the property had not sustained damage from hail. Likewise, on March 31, 2017, Mr. Rogers supplemented his findings by letter

concluding the RTUs sustained only minimal damage from hail. Thereafter the claim was denied by ACE based on the conclusions contained within the report issued by Douglas Structure, necessitating the filing of this suit.

## V. CAUSES OF ACTION AGAINST DEFENDANT ACE

### A. Breach of Contract

10. Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above. Plaintiff has met all conditions precedent to bringing this cause of action against ACE. Plaintiff would show that the policy purchased from Defendant ACE was in full force and effect at the time of the damage to the Property. The policy provided that if such losses occurred, then Defendant will pay Plaintiff the cost of repair or replacement of the damage with like kind and quality. Plaintiff would show that it timely submitted the Notice of Claim in accordance with the terms of the policy. Defendant processed the claim, but has refused and failed to fully pay according to its obligations under the contract of insurance, and by failing has breached the policy contract.

### B. Common Law Cause of Action

11. Plaintiff reasserts and incorporates by reference all of the facts and allegations set forth above. By its acts, omissions, failures and conduct, Defendant ACE breached the common law duty of good faith and fair dealing by delaying and denying Plaintiff' covered claim without any reasonable basis and by failing to conduct a reasonable investigation with respect to the claim. Defendant has also breached its duty by unreasonably delaying payment of Plaintiff' claim and by failing to settle Plaintiff' claim when it knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures and conduct of Defendant is a proximate cause of Plaintiff' damages.

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - PAGE 3 OF 11.**

### C. DTPA Cause of Action

12. Plaintiff reasserts and incorporate by reference all the facts and allegations set forth above. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant ACE.

13. By its acts, omissions, failures and conduct that are described in this petition, Defendant violated Sections 17.46 of the DTPA as follows:

- a. Defendant ACE represented to Plaintiff that the insurance policies and adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

- b. Defendant ACE represented to Plaintiff that the insurance policies and adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

- c. Defendant ACE represented to Plaintiff that the insurance policies and adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) if the DTPA;

- d. Defendant ACE engaged in an unconscionable action in that it took advantage of Plaintiff' lack of knowledge, ability and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

- e. Defendant ACE's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

14. Defendant's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA. Such conduct was relied upon by Plaintiff to its detriment and was a proximate and producing cause of Plaintiff' damages. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the DTPA.

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - PAGE 4 OF 11.**

### D. Cause of Action for Unfair Insurance Practices

15. Plaintiff reasserts and incorporates by reference all of the facts and allegations set forth above. Plaintiff has satisfied all conditions precedent to bringing this cause of action.

16. By its acts, omissions, failures and conduct, Defendant ACE has engaged in unfair methods of competition and unfair or deceptive acts or practices in the business of insurance in violation of Sections 541.051 and 541.060 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment and resolution of Plaintiff' claim and Defendant's failure to pay for the full damages to Plaintiff' property when liability had become reasonably clear. Specifically, Defendant is guilty of the following unfair insurance practices:

   a. Defendant ACE engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 541.060 (1) of the Texas Insurance Code;

   b. Defendant ACE engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 541.060 (7) of the Texas Insurance Code, by refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

   c. Defendant ACE engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 541.060 (2) of the Texas Insurance Code by failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

   d. Defendant ACE engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 541.060 (4) of the Texas Insurance Code by failing within a reasonable time to affirm or deny coverage of a claim to a policyholder; or submit a reservation of rights to a policyholder;

   e. Defendant ACE engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 541.060 (1) of the Texas Insurance Code by misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

  f.  Defendant ACE engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.061 (1) of the Texas Insurance Code my making an untrue statement;

  g.  Defendant ACE engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and in Section 541.061 (2) of the Texas Insurance Code by failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; and

  h.  Defendant ACE engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.061 (3) of the Texas Insurance Code by making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.

17. Defendant's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA. Such conduct was relied upon by Plaintiff to their detriment and were a proximate and producing cause of Plaintiff' damages. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the Texas Insurance Code.

### E. Violation of Prompt Payment of Claims Act

18. Defendant ACE violated the Prompt Payment of Claims Act, Section 542.051, Subchapter B of the Texas Insurance Code, by failing to properly and timely investigate Plaintiff' claim and by failing to pay Plaintiff' claim. Likewise, Defendant's failure to properly pay Plaintiff' claim constitutes an automatic violation of Section 542.058 which provides:

> *"Except as otherwise provided, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060."*

19. Defendants' wrongful rejection of the claim necessarily means it failed to pay within 60 days automatically violating Section 542.058. Accordingly, Plaintiff are entitled to the relief set forth in Section 542.060 of the act, including attorney's fees.

## VI CLAIMS AGAINST DEFENDANT KIRN

### A. Deceptive Trade Practices Act Violations

20. Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant Kirn.

21. Plaintiff cooperated with Defendant Kirn's investigation of the claim by responding to inquiries and making its property available for inspection. Defendant Kirn failed to perform a proper and complete investigation of the claim, ignored the true facts of the claim, and, upon information and belief, retained Douglas Structure because it was known that it would issue a report on which the claim could be denied.

22. By his acts, omissions, failures and conduct that are described in this petition, Defendant Kirn violated the DTPA in the following respects:

   a. Defendant Kirn represented to Plaintiff that the insurance policy was of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

   b. Defendant Kirn engaged in an unconscionable action in that he took advantage of Plaintiff' lack of knowledge, ability and experience in insurance matters to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

   c. Defendant Kirn breached an express warranty that the damage would be covered under the insurance policy at issue. This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and 17.50 (a)(2) of the DTPA.

23. Defendant Kirn's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA. Such conduct was relied upon by Plaintiff to its detriment and were a proximate and producing cause of Plaintiff' damages. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the DTPA.

## B. Texas Insurance Code Violations

24. Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant Kirn.

25. Defendant Kirn's conduct demonstrates that he engaged in unfair or deceptive acts or practices in the business of insurance in violation of Sections 541.051 and 541.060 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment and resolution of Plaintiff' claim and the failure to promptly pay the claim after receipt of evidence that the claim should be paid and the failure to pay the claim when liability had become reasonably clear. Specifically, Defendant committed the following unfair insurance practices:

    a.    Defendant Kirn engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 541.060 (1) of the Texas Insurance Code by misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

b. Defendant Kirn engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (2) of the Texas Insurance Code by failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

c. Defendant Kirn engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (7) of the Texas Insurance Code by refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

d. Defendant Kirn engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.061 (1) of the Texas Insurance Code my making an untrue statement;

e. Defendant Kirn engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and in Section 541.061 (2) of the Texas Insurance Code by failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; and

f. Defendant Kirn engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.061 (3) of the Texas Insurance Code by making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.

26. Defendants Kirn and ACE's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA. Such conduct was relied upon by Plaintiff to their detriment and were a proximate and producing cause of Plaintiff' damages. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the Texas Insurance Code.

## VII. WAIVER AND ESTOPPEL

27. Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## VIII. CONDITIONS PRECEDENT

28. All conditions precedent necessary to maintain this action have been performed, have occurred, or could not be timely accomplished prior to filing of suit. Alternatively, Defendants have wholly waived and are estopped from asserting that Plaintiff failed to fulfill all conditions precedent necessary to maintain this action. Plaintiff brought this suit within two years of the date that Plaintiff discovered or should, in the exercise of reasonable care and diligence, have discovered the nature of its injuries and damages.

## IX. DAMAGES

29. The above described acts, omissions, failures and conduct of Defendants caused Plaintiff's damages which include, without limitation, the full payment of the claim at issue. Plaintiff is also entitled to recover the amount of the claim plus an 18% per annum penalty on the claim against Defendant ACE as damages under the Prompt Payment of Claims Act. Plaintiff seeks all damages it is entitled to under Texas law. All of the damages described in this petition are within the jurisdictional limits of the Court.

## X. ADDITIONAL DAMAGES

30. Defendants "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of such conduct, Plaintiff is entitled to additional damages as authorized by the Texas Insurance Code and DTPA.

## XI. ATTORNEYS' FEES

31. Plaintiff seeks attorneys' fees for the prosecution of this suit pursuant to Sec. 17.50(d) of the Texas Business and Commerce Code, Sections 541 and 542 of the Texas Insurance Code and Sec. 38.001 of the Texas Civil Practice and Remedies Code.

### XIII. JURY DEMAND

32. Plaintiff request that this case be tried before a jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final jury trial, that Plaintiff be awarded damages which are set forth above and which are in the sum in excess of the minimum jurisdiction of this Court, costs of Court, reasonable attorneys' fees for the trial and any subsequent appeal of this case, pre-judgment interest at the highest rate permitted by law, post-judgment interest from the date of judgment until paid at the highest rate permitted by law, those damages authorized by the Texas Insurance Code and the Texas Business and Commerce Code, and for such other and further relief, both at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Scott M. Keller*
Scott M. Keller
State Bar Number: 11198350
LAW OFFICES OF SCOTT M. KELLER
3890 W. Northwest Highway, Ste. 650
Dallas, Texas 75220
Telephone: (214) 741-2963
Facsimile: (214) 741-2959
scottmkeller@sbcglobal.net

Michael S. Carnahan
State Bar Number: 03825700
CARNAHAN THOMAS
1190 N. Carroll Avenue
Southlake, Texas 76092
Telephone: (817) 424-1001
Facsimile: (817) 424-1003
mcarnahan@carnahanthomas.com

**ATTORNEYS FOR PLAINTIFFS**

STATE OF TEXAS }
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County, Texas, do hereby certify that I have compared this instrument to be a true and correct copy of the original as appears on record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office in Dallas, Texas, this 29TH day of Sept., A.D., 2017.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By Michael E Clark, Deputy