IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RECOVERY RESOURCE COUNSEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-2787-N |
| | § | |
| ACE AMERICAN INSURANCE | § | |
| COMPANY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Ridge B. Kirn's motion to dismiss [4]. For the reasons set forth below, the Court grants the motion.

## I. ORIGINS OF THE DISPUTE

This case is an insurance dispute. Plaintiff Recovery Resource Counsel ("RRC") alleges that it reported a claim to its insurer, Defendant ACE American Insurance Company ("ACE"), in 2017 for wind and hail damage to its property. ACE hired Kirn, an independent insurance adjuster, to investigate RRC's insurance claim. RRC alleges that Kirn then hired nonparty Douglas Structure to determine whether RRC's property had indeed sustained hail damage. Douglas Structure subsequently issued a report opining that the property had not sustained hail damage. ACE denied RRC's insurance claim based on Douglas Structure's report.

RRC filed suit in Dallas County District Court on September 29, 2017 as a result of ACE's denial of its insurance claim [1-2]. RRC asserts claims against ACE for breach of contract, breach of the common law duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE §§ 17.46, 17.50 ("DTPA") and violations of the Texas Insurance Code, TEX. INS. CODE ANN. §§ 541.060, 541.061 (the "Insurance Code"). RRC also asserts claims against Kirn for violations of the DTPA and the Insurance Code.

On October 11, 2017, ACE and Kirn removed the action to this Court on grounds of improper joinder [1]. Kirn now moves to dismiss RRC's claims.

## II. LEGAL STANDARD FOR IMPROPER JOINDER

The improper joinder doctrine allows a court to "ignore an improperly joined, non-diverse defendant in determining subject matter jurisdiction." *Ross v. Nationwide Prop. & Cas. Ins. Co.*, 2013 WL 1290225, at *2 (S.D. Tex. 2013) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc)). To establish improper joinder, a defendant "must demonstrate 'that there is no possibility of recovery by the plaintiff against a nondiverse defendant . . . .'" *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 199–200 (5th Cir. 2016) (quoting *Smallwood*, 385 F.3d at 573).

Courts conduct a "Rule 12(b)(6)-type analysis" to determine whether a plaintiff has a reasonable basis for recovery. *Id.* at 200. This "analysis necessarily incorporates the *federal* pleading standard articulated in . . . *Twombly*," 550 U.S. at 547. *Int'l Energy*, 818 F.3d at 200 (emphasis in original). To survive a Rule 12(b)(6) analysis, "a complaint must

have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014)). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

### III. THE COURT GRANTS KIRN'S MOTION TO DISMISS

Kirn now moves to dismiss RRC's claims against him. The Court grants Kirn's motion.

#### *A. Independent Insurance Adjusters Can be Liable Under the Insurance Code*

Kirn first asserts that RRC's claims fail as a matter of law because independent insurance adjusters cannot be liable under the Insurance Code provisions on which RRC relies. But this Court has previously held that independent insurance adjusters can indeed be liable under section 541 of the Insurance Code:

> [The plaintiff] alleges, among other claims, that [the defendant] violated section 541.060(a) of the Texas Insurance Code by engaging in unfair settlement practices. *See* TEX. INS. CODE § 541.060(a). "Chapter 541 of the Texas Insurance Code authorizes actions against insurance adjusters in their individual capacities." *Arana v. Allstate Texas Lloyds*, 2013 WL 2149589, at *5 (N.D. Tex. 2013) (citing *Warren v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 4133377, at *3 (N.D. Tex. 2008)). Adjusters who are direct employees of the insurer as well as independent adjusters hired by the insurer can be liable under section 541. *See Western States Asset Mgmt., Inc. v. AIX Specialty Ins. Co.*, 2013 WL 3349514, at *5 (N.D. Tex. 2013) (Lynn, J.) ("The Court notes that this finding is consistent with several recent decisions that have also found independent adjusters and/or third party administrators subject to the Texas Insurance Code." (collecting cases)); *see also Richnow v. NGM Ins. Co.*, 2012 WL 5185874, at *4 (S.D. Tex. 2012) (Lake, J.) ("District courts within this circuit have held that independent adjusters are subject to liability under the provisions of the Texas Insurance Code." (collecting cases)).

*Interial v. State Farm Lloyds,* No. 3:13-CV-4880-N, 2014 WL 12580460, at *1 (N.D. Tex. Mar. 7, 2014). The Court thus rejects Kirn's argument that he cannot be liable under the Insurance Code provisions on which RRC relies by virtue of his status as an independent insurance adjuster.

### B. Rule 9(b) Does Not Apply to RRC's Claims

Kirn next asserts that RRC's claims are subject to Rule 9(b), which requires a plaintiff to plead allegations of fraud or mistake with particularity. *See* FED. R. CIV. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). But the Court previously considered and rejected this argument in *Abbey on Preston H.O.A. v. Admiral Insurance Company*, No. 3:13-CV-0102-N, 2013 WL 12137742, at *2 (N.D. Tex. July 29, 2013). The Court held in *Abbey* that "Rule 9(b)'s stringent pleading requirements should not be extended to causes of action not enumerated therein." *Id*. (quoting *Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed.

App'x 662, 668 (5th Cir. 2004) and citing *Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 396–97 (5th Cir. 2005)). The Court noted that "a motion to dismiss under Rule 9(b) can result in the dismissal of claims other than fraud only in extraordinary circumstances." *Abbey*, 2013 WL 12137742, at *2. As the Court further stated:

> Where averments of fraud are made in a claim in which fraud is not an element, an inadequate averment of fraud does not mean that no claim has been stated. The proper route is to disregard averments of fraud not meeting Rule 9(b)'s standard and then ask whether a claim has been stated.

*Id*. (quoting *Lone Star Ladies Inv. Club v. Schlotzky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001).

The Court also noted in *Abbey* that some courts apply Rule 9(b) to DTPA claims where the DTPA claims depend on the same set of facts that support a fraud claim. *Abbey*, 2013 WL 12137742, at *2; *see also, e.g.*, *Ranzy v. Extra Cash of Tex., Inc.*, No. H-09-3334, 2011 WL 6719881, at *4-5 (S.D. Tex. Dec. 21, 2011) ("There are cases that have applied Rule 9(b)'s heightened specificity requirements to claims under the DTPA, but in those cases the underlying claims involved fraud." (citations omitted)). Here, although misrepresentation is an element of RRC's Insurance Code and DTPA claims, fraud is not. Rule 9(b) therefore does not govern the claims. *See Abbey*, 2013 WL 12137742, at *2; *see also Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d 601, 609 (N.D. Tex. 2006) (declining to apply Rule 9(b) where plaintiff did not allege fraud).

### *C. The Court Grants Kirn's Motion to Dismiss*

While independent insurance adjusters may indeed be liable under the Insurance Code, *see Interial*, 2014 WL 12580460, at *1, the Court nevertheless grants Kirn's motion to dismiss on other grounds. To survive a motion to dismiss, RRC's petition must contain "'enough facts to state a claim to relief that is plausible on its face.'" *Int'l Energy*, 818 F.3d at 200 (quoting *Reece*, 762 F.3d at 424). RRC's petition fails to do so.

RRC's petition contains only three paragraphs of factual allegations. RRC asserts that it had an insurance policy, that it made a claim on the policy, and that, "[u]pon information and belief, Kirn hired Douglas Structure" to investigate its claim "because it was known that it would issue a report on which the claim could be denied." Pet. ¶¶ 7–8 [1-2]. RRC's only remaining assertion is that Douglas Structure did indeed issue a report, based on which ACE denied the claim. *Id*. ¶ 9. The rest of RRC's petition merely recites the elements of each alleged cause of action, along with a conclusory assertion that Kirn is liable for each one. RRC's "[t]hreadbare recitals of the elements of" its claims, "supported by mere conclusory statements, do not suffice" to state a claim under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The Court thus grants Kirn's motion to dismiss.

### CONCLUSION

The Court grants Kirn's motion to dismiss without prejudice and grants RRC leave to amend its complaint within thirty (30) days of the date of this Order.

Signed July 24, 2018.

_____
David C. Godbey
United States District Judge